

**NUMBER 13-07-099-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**DAVID LEE ANDERSON, II,**                                                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                **Appellee.**

---

**On appeal from the 56th District Court of Galveston County, Texas.**

---

# O P I N I O N

**Before Chief Justice Valdez and Justices Yañez and Benavides
Opinion by Justice Benavides**

Immediately before David Anderson's trial for aggravated sexual assault of a child was to commence, the State informed him that it would be introducing DNA test results as evidence against him at trial. *See* TEX. PENAL CODE ANN. § 22.021(a)(2) (Vernon Supp. 2008). Anderson, who was surprised and unprepared for this evidence, made an oral and unsworn motion for continuance. *See* TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon

2006).  The trial court denied the motion.  After voir dire, but before opening arguments, Anderson pleaded guilty, and the trial court granted him a limited right of appeal on alleged errors in pre-trial rulings and on the denial of his motion for continuance.  On appeal, Anderson argues that the trial court abused its discretion by denying his motion for continuance, thereby preventing him from obtaining an independent evaluation of the DNA test results.  We agree with Anderson, and we reverse and remand for a new trial.

## I. Background

Anderson was charged with sexually assaulting his five-year-old daughter.  The original trial date was set for January 9, 2006, but the date was twice moved, resulting in a new trial date of August 21, 2006.  Specifically, on April 6, 2006, the parties agreed to a continuance in order to wait for the results of DNA testing on the alleged victim's swimsuit.  The State, however, did not send the swimsuit to the Department of Public Security ("DPS") crime lab for DNA testing until August 3, 2006.

On August 8, 2006, the State sent a fax to Anderson's attorney informing him that the DPS lab found semen in the sample, but DNA testing had not yet been performed.[1]  On August 17, 2006, the lab found a DNA match to Anderson's DNA in the same sample, but the official result was not communicated to the State or to the defense until the date of the trial on August 21.  According to the State's comments on the date of trial, the chemist had completed his report on August 17, but the report then had to be approved by the chemist's supervisors.  The chemist's supervisors did not approve the report until the morning of trial.

---

[1] Although the fax itself does not appear in the record, the State does not dispute Anderson's recitation of the contents of the fax.

Before the trial commenced, Anderson's attorney argued that this "last minute" notice constituted an unfair surprise. The State responded that Anderson and his counsel had the chemist's information for "some time," but they did not attempt to find out the unofficial result on their own.

Anderson's attorney orally moved for a continuance of one month to independently evaluate the methodology used in the test. The trial court was willing to grant a continuance of one day, but this was not practicable because, as both parties conceded, even a rushed DNA test would take at least two weeks to complete. The visiting trial judge agreed that the DNA report came in "kind of late," but because the case had been "on the file for a good while" and the jury was waiting in the hallway, the trial court denied the motion for continuance.

Anderson continued with voir dire, but he then changed his plea from "not guilty" to "guilty" before the opening arguments and the presentment of evidence. He also filed a combined motion for a new trial and motion in arrest of judgment, which were overruled by operation of law. TEX. R. APP. P. 21.8(c). The trial court granted a "right of appeal only on pretrial rulings and issues from motion for new trial." This appeal ensued.

## II. Preservation of Error

The decision to grant or deny a motion for continuance is "within the sound discretion of the trial court." *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). The general rule is that an oral and unsworn motion for continuance preserves nothing for review. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (Vernon 2008) ("A criminal action may be continued on the written motion of the State or of the defendant, upon

3

sufficient cause shown . . . ."); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *Page v. State*, 125 S.W.3d 640, 647 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). Texas appellate courts have recognized an exception, however, when the denial of an oral motion for continuance would have amounted to a deprivation of due process. *See Munoz v. State*, 24 S.W.3d 427, 431 (Tex. App.–Corpus Christi 2001, no pet.); *Deaton v. State*, 948 S.W.2d 371, 374-75 (Tex. App.–Beaumont 1997, no pet.); *Petrick v. State*, 832 S.W.2d 767, 770-71 (Tex. App.–Houston [1st Dist.] 1992, pet. ref'd); *O'Rarden v. State*, 777 S.W.2d 455, 459-60 (Tex. App.–Dallas 1989, pet. ref'd).

The State disputes the existence of a due process exception, and it cites *Dewberry v. Texas* to argue that we should not consider Anderson's oral and unsworn motion. *See Dewberry*, 4 S.W.3d at 755; *see, e.g., Smith v. State*, No. 05-02-01798-CR, No. 05-02-01799-CR, 2003 Tex. App. LEXIS 9170, at *2-4 (Tex. App.–Dallas Oct. 29, 2003, no pet.) (mem. op.) (citing *Dewberry* and holding that despite due process concerns, motions for continuance must be in writing). However, we believe the State misreads *Dewberry*; a footnote in *Dewberry* explains that the court refused to hear the appeal because "the appellant fail[ed] to cite any authority," not because it believed it lacked equitable powers. *Dewberry*, 4 S.W.3d at 756 n.22. The Houston Court of Appeals has made the same observation about *Dewberry*. *See Williams v. State*, 196 S.W.3d 365, 366-67 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *see also Ayala v. State*, No. 01-05-00714, 2006 Tex. App. LEXIS 9338, at *27 n.3 (Tex. App.–Houston [1st Dist.] Oct. 26, 2006, pet. ref'd) (mem. op.).

4

We recognize a due process exception. *See O'Rarden*, 777 S.W.2d at 459-60 (finding trial court's denial of defendant's motion for continuance violated due process when, in a child sexual assault trial, the defendant did not receive from the State the report of a social worker who had been investigating the allegations against him until the day of trial). Therefore, although Anderson's motion for continuance was unsworn and unwritten, we will review the issue. *See id.*

### III. Standard of Review

"When the circumstances surrounding the trial court's denial of an oral motion for continuance amount to a denial of the rudiments of due process required under both our State and federal constitutions, such denial is subject to appellate review." *O'Rarden,* 777 S.W.2d at 459. We review the denial of an oral motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *Wright*, 28 S.W.3d at 532; *Munoz*, 24 S.W.3d at 431. If an extension of time is necessary to preserve a defendant's right to test a DNA sample, the trial court has the discretion to grant a continuance. *Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992) (citing *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). While trial courts must be permitted discretion to expeditiously clear their dockets, "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Id.* In other words, the trial court must balance the interests of an expeditious trial against the right of the defendant to have a meaningful opportunity to present a complete defense. *Id.*

A general assertion that the counsel lacked time to prepare for the defense is not sufficient to show prejudice from the denial of a continuance. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). Rather, to establish an abuse of discretion, the appellant must show that he suffered "specific prejudice to his defense" by the trial court's denial of the motion for continuance. *Renteria*, 206 S.W.3d at 699.

## IV. Analysis

In this case, the balance of the interests weighed in favor of the defendant, and thus, the trial court abused its discretion by failing to grant the motion for continuance. The United States Constitution guarantees a defendant charged with a crime "a meaningful opportunity to present a complete defense." *See Crane v. Kentucky*, 476 U.S. 683, 690-91 (1986). Inherent within this right is the right to confront the evidence against him. *See* U.S. CONST. amend. VI.; *Pointer v. Texas*, 380 U.S. 400, 406-07 (1965). The right to confront unfavorable DNA evidence is particularly important because, while DNA evidence has the reputation of being highly probative, it is far from infallible. *See Pena v. State*, 226 S.W.3d 634, 647 (Tex. App.–Waco 2007, pet. granted). "Between 1989 to 2003, at least 144 men and women were exonerated by DNA evidence after having been convicted of murder or rape." *Id.*; *see also State v. Vasquez*, 230 S.W.3d 744, 752 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (Seymore, J., concurring) ("In this milieu, one cannot presume the reliability of the State's evidence purporting to provide or interpret the results of forensic tests on tangible materials. A defendant therefore has a legitimate interest in conducting his own tests on any sample the State may use to gain a conviction.") (internal citations omitted).

6

Anderson established specific prejudice by the denial of continuance—he was unable to discuss the report with the chemist, unable to effectively cross-examine the chemist, unable to conduct additional testing, and unable to obtain another expert to opine on the chemist's conclusions. In order to have a meaningful opportunity to present a complete defense, Anderson should have been permitted time to independently evaluate the DNA evidence and to prepare for the cross-examination of the chemist that would be testifying against him. The trial court deprived Anderson of this opportunity by denying his motion for continuance. It put Anderson in a position where inconclusive evidence would have been weighed against un-refuted scientific evidence, had the case gone before the jury.[2]

We do not hold, however, that all situations where confrontational rights are violated will warrant a reversal. The Texas Court of Criminal Appeals held in *Wright v. State* that due process did not entitle Wright to additional time for experts to analyze the State's DNA report, even though the defendant pointed to specific prejudice to his defense. *Wright v. State*, 28 S.W.3d at 533. The court reasoned that Wright failed to establish that the trial court abused its discretion because "he was not allowed to profit from his own failure to act." *Id.*

*Wright* is distinguishable from the instant case. The defense counsel in *Wright* received a preliminary written report on the DNA testing results six weeks before trial. *Id.* The official written report followed three weeks later. *Id.* The State informed the defense that it intended to do additional tests by a second lab and told the defense that the test

---

[2] It is the jury's province to determine the reliability of the DNA evidence. *See Pratt v. State*, 907 S.W.2d 3, 47 (Tex. App.–Dallas 1995, writ denied).

results would not be ready until the date of the trial. *Id.* The prosecutor also told the defense that the lab technician was available to discuss the initial tests with him. *Id.* Despite all the available information and communications, the defense counsel did not request that an expert evaluate the report until the trial was set to begin. *Id.* The trial court denied his motion for continuance, and the court of criminal appeals affirmed the trial court's decision. *Id.*

Though the facts in *Wright* are similar to the instant case, the time frame and kinds of evidence available to the defense were different at specific times. In *Wright*, the defense counsel had abundant time to prepare for trial. *Id.* A complete written report was provided in enough time to locate an expert to refute the DNA evidence. *Id.* The technician was able to discuss details about the tests with the defense based on a complete report; therefore, the effectiveness of the counsel was not undermined as it was in the instant case. The defense counsel in *Wright* did not take any action while having all the conclusive evidence—part of the reason that the court of criminal appeals did not find an abuse of discretion.

In contrast, although the State had agreed to a continuance in April 2006 in order to test the swimsuit for DNA evidence, the State delayed sending the swimsuit to the lab for testing until August 3, 2006. Anderson did not get the written report of a DNA match until the first day of trial. The earliest day Anderson could have discussed this matter with the chemist was August 17, 2006, four days before the trial. Moreover, even if Anderson had been provided with the report at that time, there was insufficient time for him to locate a DNA expert to evaluate the report. Finally, the failure to obtain a defense DNA expert

8

was not caused by Anderson's inaction, while in possession of conclusive yet unfavorable evidence. Accordingly, we sustain Anderson's point of error.

## V. Conclusion

We find the trial court abused its discretion in denying Anderson's oral motion for continuance, which deprived Anderson of an opportunity to confront witnesses against him. Therefore, we REVERSE and REMAND for a new trial.

_____
GINA M. BENAVIDES
Justice

Publish.
*See* TEX. R. APP. P. 47.2(b).

Opinion delivered and filed this
the 14th day of August, 2008.

9