IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1441-08






DAVID LEE ANDERSON II, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


GALVESTON COUNTY





 Keasler, J., delivered the opinion for a unanimous Court. 


O P I N I O N 



 Before trial, David Lee Anderson made an unsworn oral motion for a continuance so
that he would have time to mount a defense against the State's DNA test results. The judge
denied the motion, and Anderson pled guilty and appealed the judge's denial of the motion. 
The Corpus Christi Court of Appeals held that Anderson's claim was preserved because there
is a "due process exception" to the rule that an unsworn oral motion for a continuance
preserves nothing for review. (1) We conclude that the court's preservation analysis was flawed
and that the right at issue--a meaningful opportunity to present a complete defense--is
forfeitable under Marin v. State. (2) Therefore, we reverse the court's judgment because
Anderson failed to preserve his claim for appellate review.Background

 Anderson was charged with aggravated sexual assault of a child. (3) The victim was
Anderson's five-year-old daughter. Anderson's trial was originally set for January 9, 2006. 
On April 6, 2006, the parties agreed to a continuance so that the Department of Public Safety
(DPS) crime lab could conduct DNA testing of the complainant's bathing suit. The State
submitted the bathing suit to DPS for testing on August 3, 2006, and on August 8th, the
prosecutor notified Anderson's attorney that DPS chemists found semen on the swimsuit. 
DPS prepared the DNA report on August 17th. The prosecutor received the written report
on the morning of August 21st, the day Anderson's trial was set to begin. The results did not
exclude Anderson as the donor of the semen. Before jury selection, the prosecutor gave
Anderson's attorney the report after the lunch break. Anderson's counsel immediately asked
the judge to strike the report. He argued that the report was not given to him in a timely
fashion and that he was therefore unable "to defend against it." In response, the prosecutor
stated that, on August 8th, she told Anderson's attorney that semen was present on the
swimsuit. She also said that she had given Anderson's attorney the name and phone number
of the chemist who conducted the testing. Anderson's attorney stated that he wanted to have
the opportunity to have his own testing conducted. The trial judge acknowledged that
Anderson's attorney was not given much time. The prosecutor then stated:

 He could have asked for a continuance if he needed more time. If the evidence
is going to be stricken, then, I would move for a continuance, then, in order to
give him more time to prepare for it, then, that's what he should be given; but
to strike this evidence or to keep this evidence out is not the proper remedy. 
I mean, if what he needs is more time to prepare for it, then, that's what should
be given . . . . 


Anderson's attorney then requested a continuance, though he failed to ask the judge for a few
moments to draft a written motion as required by Articles 29.03 and 29.08 of the Texas Code
of Criminal Procedure. Ultimately, the judge overruled the motion. Anderson's attorney
objected, citing unfair surprise and an inability to defend against the information made in the
report. The judge overruled defense counsel's objection.

 The parties proceeded to jury selection. After the jurors were selected and sworn, the
court adjourned for the day. Before opening arguments the following morning, Anderson
changed his plea to guilty. The trial judge accepted the plea, and pursuant to a plea-bargain
agreement with the State, the judge sentenced Anderson to ten years' imprisonment.

 Anderson's counsel filed a motion for a new trial and a motion in arrest of judgment,
both of which were overruled by operation of law. The judge certified Anderson's right to
appeal his "pretrial rulings and issues from [the] motion for a new trial." 

 Court of Appeals

 In his sole point of error, Anderson argued in the Corpus Christi Court of Appeals that
the trial judge erred in denying his request for a continuance so that he could obtain
independent DNA testing. (4) The court stated that, as a "general rule," an unsworn, oral 
motion for continuance preserves nothing for review. (5) But the court recognized a "due
process exception," whereby an appellant may appeal the denial of an oral motion for
continuance if it amounted to a denial of due process. (6) The court of appeals found that
Anderson, unable to obtain his own DNA testing, was deprived of the opportunity to present
a complete defense. (7) Observing that a defendant is entitled to a meaningful opportunity to
present a complete defense, the court held that the trial judge abused his discretion. (8) As a
result, the court reversed the trial court's judgment and remanded the case for a new trial. (9)

 The State petitioned for review, and we granted review to decide whether the court
of appeals erred in concluding that Anderson was excused from preserving for appellate
review his claim that the trial judge erred to deny his motion for a continuance when the
motion was not sworn to or written.

Analysis

 As both parties have observed, the Legislature has set out the requirements for a
motion for a continuance in Articles 29.03 and 29.08 of the Texas Code of Criminal
Procedure. Article 29.03 states: "A criminal action may be continued on the written motion
of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set
forth in the motion." And Article 29.08 provides: "All motions for continuance must be
sworn to by a person having personal knowledge of the facts relied on for the continuance." 

 We have construed these statutes to require a sworn written motion to preserve
appellate review from a trial judge's denial of a motion for a continuance. (10) Thus, if a party
makes an unsworn oral motion for a continuance and the trial judge denies it, the party
forfeits the right to complain about the judge's ruling on appeal. (11) The court of appeals in
this case recognized this procedural rule but disregarded it by invoking a "due process
exception" to the preservation requirement. 

 We conclude that the court of appeals's erred in its analysis. When rules of
procedural default come into play, courts must identify the type of rule involved and then
determine whether it is subject to forfeiture. (12) The framework established in our decision in
Marin v. State controls the resolution of this issue. In Marin, we identified three distinct
types of rules involved in our adversarial judicial system: (1) absolute requirements and
prohibitions; (2) rights of litigants that must be implemented by the system unless expressly
waived; and (3) rights of litigants that are to be implemented upon request. (13) An absolute
requirement, also known as "systemic requirement," is a rule or law that a trial court must
follow even if the parties wish otherwise. (14) Waivable rights "are not extinguished by inaction
alone." (15) A defendant must expressly relinquish them. (16) All other complaints, whether
constitutional, statutory, or otherwise, are subject to forfeiture, and fall into the third
category. (17) 

 The court of appeals in this case instituted a "due process" exception to a rule of
procedural default. The broad and vague concept of due process, as invoked by the court of
appeals, is amorphous. And no such exception exists under our case law. Indeed, our prior
decisions make clear that numerous constitutional rights, including those that implicate a
defendant's due process rights, may be forfeited for purposes of appellate review unless
properly preserved. (18)
 

 When viewed in the context of the facts and circumstances of this case, the right at
issue here--as asserted by Anderson's trial attorney--is Anderson's right to a meaningful
opportunity to present a complete defense. This right defines the scope of review and is
determinative in deciding whether Anderson forfeited his complaint about the trial judge's
denial of his motion for a continuance by failing to comply with the requirements of Articles
29.03 and 29.08. In these circumstances, there is nothing to prohibit Articles 29.03 and 29.08
as operating as a rule of procedural default. So the question is whether the right to present
a complete defense trumps the application of this procedural default. 

 The court did not determine whether the constitutional right to present a defense is
subject to forfeiture according to Marin's framework and the parties have not briefed this
issue. While we could vacate the court's decision and remand this case for proceedings
consistent with this opinion, (19) precedent clearly establishes that the right to present a
complete defense falls within Marin's third category and is therefore subject to forfeiture. 
A defendant's constitutional right to a meaningful opportunity to present a complete defense
is rooted in the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's
Compulsory Process and Confrontation Clauses. (20) Confrontation and compulsory process
rights are subject to procedural default. (21) And, in Broxton v. State, we held that Broxton
forfeited his claim that he was denied the right to present a defense and the right to due
process and due course of law under the United States and Texas Constitutions because he
failed to lodge a proper objection at trial. (22) As a result, we conclude that Anderson forfeited
his appellate challenge to the trial judge's denial of his unsworn oral continuance motion by
failing to comply with procedural requirements of Articles 29.03 and 29.08. 

Conclusion

 We hold that the court of appeals erred in concluding that there is a "due process"
exception to the preservation requirements governing continuance motions in Articles 29.03
and 29.08. Applying Marin's framework, the right to present a defense is subject to
forfeiture. Therefore, by making an unsworn pretrial oral motion for a continuance,
Anderson failed to preserve his claim that the trial judge erred by denying his motion for
appellate review. We therefore reverse the court of appeals's judgment and reinstate the
judgment of the trial court. 


DATE DELIVERED: November 18, 2009

PUBLISH
1. Anderson v. State, 268 S.W.3d 130, 133 (Tex. App.--Corpus Christi 2008). 
2. 851 S.W.2d 275 (Tex. Crim. App. 1993). 
3. Tex. Penal Code Ann. § 22.021 (a)(1)(B) (Vernon Supp. 2005).
4. Anderson, 268 S.W.3d at 132. 
5. See Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon Supp. 2006).
6. Anderson, 268 S.W.3d at 133 (citing O'Rarden v. State, 777 S.W.2d 455, 459-60
(Tex. App.--Dallas 1989, pet. ref'd).
7. Id. at 134.
8. Id. at 134-35.
9. Id.
10. Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); Matamoros v.
State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); Montoya v. State, 810 S.W.2d 160,
176 (Tex. Crim. App. 1989); Lewis v. State, 664 S.W.2d 345, 349 (Tex. Crim. App.
1984); Porter v. State, 623 S.W.2d 374, 381 (Tex. Crim. App. 1981); Minx v. State, 615
S.W.2d 748, 749 (Tex. Crim. App. 1981); Allen v. State, 505 S.W.2d 923, 924 (Tex.
Crim. App. 1974); Stubbs v. State, 457 S.W.2d 563, 564 (Tex. Crim. App. 1970);
Crenshaw v. State, 389 S.W.2d 676, 677-78 (Tex. Crim. App. 1965). 
11. Cf., Martinez v. State, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002) (stating,
under Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 "the party
complaining on appeal . . . about a trial court's admission, exclusion, or suppression of
evidence must, at the earliest opportunity, have done everything possible to bring to the
judge's attention the evidence rule or statute in question and its precise and proper
application to the evidence in question."); Rushing v. State, 85 S.W.3d 283, 285-86 (Tex.
Crim. App. 2002) (observing that Article 4.18, which sets out the procedure to challenge
a district court's jurisdiction over a juvenile criminal case, "places limitations" on a trial
and appellate court's "ability to review certain types of claims."). 
12. Marin, 851 S.W.2d at 279 ("Determining which category a right occupies will
usually settle the question of procedural default in the context of a particular case."). 
13. Id. 
14. Mendez v. State, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004); Marin, 851
S.W.2d at 280.
15. Marin, 851 S.W.2d at 278.
16. Id. at 279.
17. See Mendez, 138 S.W.3d at 342.
18. See e.g., Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003); Delrio
v. State, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992); Gauldin v. State, 683 S.W.2d 411,
413 (Tex. Crim. App. 1984), overruled on other grounds, Guzman v. State, 959 S.W.2d
631, 634 (Tex. Cr. App. 1998); Mendoza v. State, 552 S.W.2d 444, 450 (Tex. Crim. App.
1977); Gibson v. State, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974); Ex parte Bagley,
509 S.W.2d 332, 333-34 (Tex. Crim. App. 1974); Salas v. State, 486 S.W.2d 956, 957
(Tex. Crim. App. 1972); Valdez v. State, 472 S.W.2d 754, 756 (Tex. Crim. App. 1971).

19. See E.g., Saaverda v. State, No. PD-0198-08, slip op. at 13-14 (Tex. Crim. App.
2009); Montanez v. State, 195 S.W.3d 101, 111 (Tex. Crim. App. 2006).
20. Crane v. Kentucky, 476 U.S. 683, 690 (1986).
21. Taylor v. Illinois, 484 U.S. 400, 410 (U.S. 1988) ("the decision whether to
employ [the right to compulsory process] in a particular case rests solely with the
defendant."); Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding that
appellant forfeited appellate review of his Confrontation Clause claim by his failure to
properly object at trial).
22. 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).