NO. 07-10-00305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 20, 2011

JONATHAN L. HUCKS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,734; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

Before HANCOCK and PIRTLE, JJ., and BOYD, S.J.[1]

**OPINION**

Appellant, Jonathan L. Hucks, appeals his conviction for the offense of sexual assault of a child[2] and resulting sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice for 20 years and fine of $10,000. Appellant brings forth two issues. We affirm.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] See TEX. PENAL CODE ANN. §22.011(a)(2)(C) (West 2011).

Factual and Procedural Background[3]

The victim of this sexual assault, J.S., met appellant through his sister, Jessica Stallings.  After first meeting appellant, J.S. would at times hang out with his sister and appellant.  The record reveals that eventually appellant began discussing sexual matters with J.S.  These discussions lead to two previous events of sexual contact before the incident that lead to this trial.  On the evening of October 5, 2004, appellant and J.S., who was 14 years old at the time, were in appellant's pick-up truck.  According to the record, it was at this time that J.S. was persuaded to perform anal sex on appellant.  After the sexual encounter, J.S. was in his home when Jessica advised him that she had heard a rumor at school that appellant was HIV positive.  That same evening, J.S. went to his mother, Melissa Stallings, to discuss exposure to AIDS and HIV.  Owing to this discussion, Melissa found out about the sexual assault and immediately called the police.

Lubbock Police Department Patrolman George Madrigal[4] was assigned to the call.  After ascertaining the nature of the offense in question, Madrigal took possession of the blue jean pants and boxer shorts worn by J.S..  These items were turned into the LPD Property Room and eventually forwarded to the Texas Department of Public Safety regional laboratory for testing.  At trial, the testimony revealed that the DNA evidence found on the boxer shorts was compatible with appellant's DNA.

---

[3] Appellant does not contest the sufficiency of the evidence to support the jury's finding of guilt; accordingly, only those facts necessary for the disposition of this matter will be set forth in this opinion.

[4] By the time of trial, Patrolman Madrigal was assigned to the detective division of the Lubbock Police and is identified as Detective Madrigal in the record.

Appellant was indicted for the offense of sexual assault of a child on April 12, 2005 and arrested the next day. Ultimately, appellant was tried on this offense beginning on June 21, 2010. During the five years between appellant's indictment and trial, no motions were filed with the trial court contending that appellant either desired a speedy trial or that the indictment should be dismissed for the failure of the State to bring him to trial. The record further reflects that appellant never objected during the trial to the failure of the State to bring his case to trial or that his defense had suffered any harm by the length of time between the arrest, indictment, and trial.

During the trial, the State introduced evidence regarding Jessica's advising J.S. that appellant might be HIV positive. The State offered the testimony to show why J.S. confided in his mother that he had sexual contact with appellant. The trial court eventually allowed the testimony. Appellant objected on the basis that this testimony violated a motion in limine, was speculation on the part of the witness, and was hearsay. The trial court overruled those objections.

The jury convicted appellant of sexual assault of a child and sentenced him to 20 years confinement and a fine of $10,000. Appellant now appeals contending that his Sixth Amendment right to a speedy trial was violated and that the trial court committed reversible error by admitting the testimony regarding appellant being HIV positive. We will affirm.

### Sixth Amendment Right to a Speedy Trial

By his first issue, appellant contends that the five year delay between his indictment, arrest, and trial violated his Sixth Amendment right to a speedy trial. U.S.

3

CONST. amends. VI, XIV § 1. Additionally, appellant contends that the failure to bring appellant to trial within the five-year period violates his rights under the constitution and statutes of the State of Texas. TEX. CONST. art. IV, § 3; TEX. CODE OF CRIM. PROC. ANN. art. 1.05. (West 2005).

Preservation of Error

As an initial inquiry, we must ascertain whether the purported error has been preserved for appeal. See TEX. R. APP. P. 33.1(a).[5] Appellant admits that the speedy trial issues were not discussed during his trial. Our search of the record reveals that no motion requesting a speedy trial was ever proffered by appellant and that no objection to the lack of a speedy trial was ever raised by motion filed or objection lodged. Thus, we are squarely faced with the question of whether we may consider an issue claiming a denial of a speedy trial for the first time on appeal.

Appellant asserts that the failure to take any action in reference to a speedy trial or the lack thereof does not forever waive his right to complain about the delay and cites us to State v. Munoz, 991 S.W.2d 818, 825 (Tex.Crim.App. 1999), to support that proposition. However, the citation to Munoz is factually distinguishable to the situation with which we are faced. In Munoz, there was a motion for dismissal for failure to grant a speedy trial filed with the trial court. Id. at 822. The speedy trial issue in Munoz arose after a series of plea bargains had fallen through and there was a subsequent 17-month delay in the trial of the case. Id. It was within this factual background that the Munoz

---

[5] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule ___."

4

court discussed the rejection of the "demand-waiver" rule by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 528-28, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This discussion of the Supreme Court's rejection of the "demand-waiver" rule is not dispositive of the case before us.

In our opinion, this case is controlled by the holding of the Texas Court of Criminal Appeals in Mendez v. State, 138 S.W.3d 334, 342 (Tex.Crim.App. 2004). Mendez concerned the issue of whether a trial court had a duty to change a defendant's plea of guilty to not guilty on its own motion. Id. at 336. During a plea of guilty before a jury, the defendant testified he did not mean to shoot and kill the victim. Id. at 336-37. In his appeal, he claimed that the trial court, upon hearing his testimony, should have *sua sponte* withdrawn his plea of guilty. Id. The court held that, "[e]xcept for complaints involving systemic (or absolute) requirements, or rights that are waivable only, which are not involved here, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." Id. at 342.

In discussing the application of this approach in a case involving allegations of prosecutorial vindictiveness that denied the defendant due process under the law, the Texas Court of Criminal Appeals reaffirmed its application of Mendez in Neal v. State, 150 S.W.3d 169, 175 (Tex.Crim.App. 2004). There, the court held that the "trial court neither disregarded an absolute requirement (such as jurisdiction over the subject or person), nor denied appellant a waivable-only right (such as the right to counsel or a jury trial), so the only issue is whether appellant complied with Rule 33.1(a)." Id. The

5

court found that the defendant did not comply with the requirements of Rule 33.1(a), therefore, failed to preserve the issue for appellate review. Id.

The Court of Criminal Appeals again addressed the failure to preserve an issue for appellate review in Anderson v. State, 301 S.W.3d 276 (Tex.Crim.App. 2009). In Anderson, the issue was an unsworn oral motion for continuance appellant made on the day trial was to begin after the State had made known that it had DNA evidence linking the appellant to the crime in question. Id. at 277. The trial court denied the motion, and, on appeal, the intermediate appellate court granted relief stating that there was a "due process exception" to the rule that an unsworn oral motion for continuance preserves nothing for appeal. See Anderson v. State, 280 S.W.3d 130, 133 (Tex.App.—Corpus Christi 2008). Writing for a unanimous court, Judge Keasler rejected the "due process" exception to the requirement that the error be preserved. Anderson, 301 S.W.3d at 279-80. The court stated that the "due process" argument invoked was a broad and vague concept that was characterized as "amorphous." Id. The court pointed out that "numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purpose of appellate review unless properly preserved." Id. at 280. (citations to cases omitted).

The Waco Court of Appeals recently addressed this issue in an unpublished opinion and concluded that the failure of appellant to preserve the question of denial of a speedy trial by motion or otherwise at the trial level operated to forfeit the right to complain on appeal. Kammerer v. State, No. 10-10-00148-CR, 2011 Tex. App. LEXIS 1144, at *3 (Tex.App.—Waco Feb. 16, 2011, no pet.) (mem. op., not designated for

6

publication).  In so holding, the court relied on the Court of Criminal Appeals holding in Neal and Anderson.  Id. at *2.

We agree with the Waco court and find that appellant has failed to preserve this issue for appeal.  The trial court did not disregard any absolute requirement, nor did the trial court deny appellant a waivable-only right.  See Neal, 150 S.W.3d at 175. Appellant's first issue, not being properly preserved for appeal, presents nothing for review and is overruled.

Even were we to assume that the preservation requirement of Rule 33.1(a) did not impact our review of appellant's speedy trial claim, there very simply is nothing in the record upon which we could grant the relief requested.  Our review of the record reveals nothing more than the fact that between the time of indictment and trial a period of five years elapsed.  While this is a sufficient amount of time to trigger the first requirement of Barker, an uncommonly long delay, there is nothing in the evidence to answer the other inquiries required by the Barker analysis.  See Zamorano v. State, 84 S.W.3d 643, 648 (Tex.Crim.App. 2002).  Specifically, there is nothing contained in the record before us to explain the reasons for delay.  Id. at 649.  Further, we have nothing, except the assertions in appellant's brief, with which to address the issue of what prejudice was suffered by appellant as a result of the delay.  Id.  Accordingly, even if we could address the issue, we would have to conclude that, based upon the record before us, appellant's speedy trial claim should be denied.

Testimony Regarding HIV

By his second issue, appellant complains that the trial court permitted testimony regarding an unadjudicated extraneous offense to be presented to the jury in violation of Texas Rule of Evidence 404(b).[6]  Appellant posits that this testimony resulted in a violation of appellant's due process rights.

The testimony in question involved statements that the victim's sister, Jessica, had heard at her school regarding appellant's alleged status as HIV positive.  The subject was first broached in a bench conference prior to Jessica's testimony.  The State's attorney ask to approach the bench, and the following exchange occurred:

> State's attorney: I anticipate at this time, Your Honor, going into with this witness what she told her brother, and that would be in regards to a sexually transmitted disease . . . that this defendant was alleged to have had.  And so I won't go into hearsay as to how she learned about it, but just what did she tell her brother.  And so that – and that – that conversation is what spurs the rest of the case to get investigated.
>
> Appellant's attorney: We believe it violates the Motion in Limine and brings in an extraneous offense which the Court has previously ruled on.  And also, we believe that it's pure speculation on her part as to what may or may not happen.  And we object on the basis of hearsay.
>
> State's attorney: First, your honor, it's not offered for the truth of the matter asserted.  It's just what she told her brother, and that's what led things further at this time.  And as far as a Motion in Limine, that's not what we're injecting.
>
> Appellant's attorney: Judge, we're just objecting to the basis of they're getting assumptive matter before this jury that has not been proven and has not been gone into.
>
> The Court: I understand.  The objection is overruled.

---

[6] For purposes of our analysis of appellant's second issue, further reference to the Texas Rules of Evidence will be by reference to "Rule ___" or "rule ___."

After this discussion, the State proceeded with the examination of Jessica.

Preservation of Error

The State contends that the objection was not preserved for review because, subsequent to the testimony by Jessica, both the mother, Melissa, and the victim, J.S., testified about being concerned that appellant was HIV positive, and, further, appellant never reurged his objection regarding an extraneous offense. We cannot agree with the State because the objection was first urged at bench conference out of the hearing of the jury. Rule 103 provides that when an objection to proferred evidence is made out of the presence of the jury, such objection is sufficient to preserve the issue for appeal. See Franklin v. State, No. 07-09-00167-CR, 2011 Tex. App. LEXIS 118, at *6 n.6, (Tex.App.—Amarillo Jan. 10, 2011, no pet.) (mem. op., not designated for publication). Our analysis of the factual background convinces us that the objection lodged during the bench conference permits our review of the issue pursuant to Rule 103.

Analysis

Appellant's argument is centered on the assumption that the evidence offered by the State is Rule 404(b)-type evidence of appellant's character offered to show conformity therewith. The State hotly contests this characterization of the evidence. For purposes of this opinion we will assume, without deciding, that the evidence falls into Rule 404(b)'s purview and that its admission was erroneous. These assumptions still leave the Court with the issue of harm.

9

In conducting a harm analysis, our inquiry is to determine whether the admission of the evidence had an effect on appellant's substantial rights by a Rule 44.2(b) harm analysis for non-constitutional errors.  See TEX. R. APP. P. 44.2(b);[7] Haley v. State, 173 S.W.3d 510, 518 (Tex.Crim.App. 2005).  A substantial right is implicated when the error had a substantial and injurious effect on the jury's verdict.  Haley, 173 S.W.3d at 518.  In order to ascertain the effect the error may have had on the jury's verdict, we are directed to consider everything in the record, including all of the evidence received by the jury and how the alleged error might be considered in connection with other evidence supporting the verdict.  See id.

A review of the record in this matter reveals the following: 1) the victim, J.S., testified about the events of the assault and identified appellant as the perpetrator; 2) the police recovered the boxer shorts worn by J.S. on the night of the incident; 3) the DNA analysis of the boxer shorts identified that appellant could not be excluded as the donor of the DNA found; 4) not only could appellant not be excluded, the analysis showed the probability of picking someone at random to be a contributor to this particular DNA was one in 88.97 million for Caucasians, one in 13.18 million for African Americans and one in 93.72 million for Hispanics.

---

[7] Rule of Appellate Procedure 44.2 provides:

(a) Constitutional Error.  If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) Other Errors.  Any other error, defect, irregularity, or variance that does not affect the substantial rights must be disregarded.

In reviewing the record, we also reviewed the closing argument of the State to ascertain whether the testimony regarding HIV was emphasized. The record reveals that the testimony was referred to one time in opening and one time in closing. In both instances, the reference dealt only with the reason the victim decided to speak to his mother about the incident. This, in turn, led to the police being called to investigate. Based upon the totality of the record, we conclude that the admission of the testimony in question had no impact upon the substantial rights of appellant. Id. Therefore, the error, if there was one, would be harmless. Appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

11