

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00069-CR

OLIVER ALEXANDER CALLENDER, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,267-B, Honorable John B. Board, Presiding

December 12, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Oliver Alexander Callender, III, appeals his conviction for the unauthorized use of a motor vehicle. His two issues on appeal concern 1) the purported denial of his right to a speedy trial, and 2) the constructive denial of his right to counsel. We affirm the judgment.

*Speedy Trial*

We overrule appellant's contention regarding the purported denial of his right to a speedy trial for two reasons. First, it was not preserved. His trial counsel did not

broach the issue before the trial court. *Henson v. State,* 407 S.W.3d 764, 769 (Tex. Crim. App. 2013) (recognizing that the right to a speedy trial may be waived by the failure to bring it to the attention of the trial court); *Hucks v. State,* 348 S.W.3d 359, 363 (Tex. App.—Amarillo 2011, no pet.) (holding the same). And, that appellant personally may have solicited a speedy trial, after being appointed counsel to represent him, does not fill the void. Defendants are not entitled to hybrid representation, and the trial court may disregard any *pro se* motions presented by a defendant represented by counsel. *Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

Second, even if it was preserved, the record fails to illustrate any violation of the imperative. Appellant committed the crime involved on February 12, 2012. The authorities arrested him approximately a month later, that is, during the second week of March, 2012. An indictment issued against him on June 27, 2012, and he ultimately was tried on February 2, 2013. So, about eleven months lapsed between his arrest and trial.

Yet, the February 2013 setting was not the first assigned to the cause. Rather, the proceeding was originally scheduled for trial in September of 2012 before the 251st Judicial District Court. The matter was not heard then because the State moved for a continuance due to the absence of a witness. More importantly, appellant, via his counsel, joined in the motion. Thereafter, the cause was transferred from the 251st Judicial District to the 181st Judicial District in December of 2012. And, the latter court tried the matter on the date mentioned above.

Appellant remained jailed throughout the period between his arrest and trial. This was because of an outstanding, non-bondable, parole warrant prohibiting his

release. And, if the content of his various letters are given any credence, then it appears that he began demanding a speedy trial soon after his arrest.

Yet, nothing of record identifies the loss of any specific evidence or witnesses favorable to appellant during the 11-month interim.[1] Nor are we cited to any evidence of record suggesting that the delay hampered appellant's ability to defend himself. And, while testifying on his own behalf at trial, appellant acknowledged the difficulty his attorney experienced in subpoenaing various records. So too did he acknowledge that delay was also attributable, in part, to "some of the things . . . [he] asked . . . [his attorney] to do to try to work on . . . [his] case[.]"

We concede that one's stay in jail is oppressive and inflicts upon the accused anxiety and concern. We further assume that appellant, at bar, suffered from such oppression, anxiety, and concern during his incarceration. But, nothing we found of record suggests that it was of the type different than that suffered by any other person awaiting trial in jail. *Cantu v. State*, 253 S.W.3d 273, 285-86 (Tex. Crim. App. 2008) (stating that "evidence of generalized anxiety, though relevant, is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation").[2]

---

[1] Appellant did opine that the delay caused him to lose evidence. Yet, he never described the tenor of that evidence. Such is important because only then can we gauge whether its absence was prejudicial. *Shea v. State*, 167 S.W.3d 98, 103 (Tex. App.—Waco 2005, pet. ref'd) (noting that to establish prejudice because of an unavailable witness, a defendant must show that the witness is unavailable, that his testimony might be material and relevant to his case, and that he has exercised due diligence in his attempt to find and produce him for trial). And, as for the one named witness who could not be located, we do not know if his absence was attributable to any delay in trying the cause or to the lack of an adequate address. Nor does appellant allude to the nature of his testimony or suggest how it could have benefitted him.

[2] Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)

3

Our analysis of appellant's speedy trial complaint takes into consideration the test and methodology expressed in *Henson v. State* and *Cantu v. State*, which cases are cited above. And, in applying that methodology, we cannot but find no violation. The eleven-month period between arrest and trial was quite close to the minimum needed to trigger a speedy trial analysis, to begin with. *Shaw v. State*, 117 S.W.3d 883, 889-90 (Tex. Crim. App. 2003) (noting that analysis is normally required when the delay approaches one year). Of that period, some of the delay was attributable to appellant's approval of a continuance and need to search for evidence and develop a defense. Other was legitimately attributable to the State's need to prepare for trial. *See id.* at 889-90 (noting that the three-month interval between appellant's indictment and first trial may not be counted against the State, since the State was entitled to a reasonable period in which to prepare its case). And, most importantly, nothing illustrates a loss of evidence or witnesses needed to present a defense, much less a causal connection between the loss and the delay. *See Cantu v. State*, 253 S.W.3d at 285 (noting that delay resulting in the impairment of an accused's right to prepare a defense is the most weighty indicia to consider when assessing prejudice).

It is true that appellant said he wanted a speedy trial; yet, it is equally true that he is not entitled to a trial at a time of his choosing. *In re Carter*, 958 S.W.2d 919, 924 (Tex. App.—Amarillo 1997, orig. proceeding). The wheels of justice must be afforded a reasonable amount of time to turn, and the time taken here did not deny appellant a speedy trial when all circumstances are considered. *See Meyer v. State,* 27 S.W.3d 644, 651 (Tex. App.—Waco 2000, pet. ref'd) (wherein a 23-month unexplained delay

4

wherein appellant sat in jail was held not to be a speedy trial violation given the lack of prejudice).

*Constructive Denial of Counsel*

Appellant next argues that he was constructively denied counsel because counsel failed to request a speedy trial. As illustrated above, appellant received a speedy trial. Thus, we cannot fault his attorney for denying him what he actually received. The issue is overruled.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.