

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00298-CR
## NO. 02-15-00299-CR
## NO. 02-15-00300-CR

TERRELL SHAMAR WILLIAMS                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1116572D, 1120050D, 1408625D

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellant Terrell Shamar Williams appeals from (i) a judgment adjudicating him guilty of aggravated robbery with a deadly weapon and sentencing him to thirty years' confinement, (ii) a judgment adjudicating him guilty of engaging in organized crime and sentencing him to thirty years'

---

[1]*See* Tex. R. App. P. 47.4.

confinement, and (iii) a judgment convicting him of evading arrest or detention with a vehicle and sentencing him to ten years' confinement. We will affirm.

In 2008, Williams was placed on ten years' deferred adjudication community supervision for aggravated robbery with a deadly weapon and engaging in organized crime. In April 2015, the State filed a fourth petition to proceed to adjudication in each cause, alleging that Williams had violated his community supervision by committing a new offense—evading arrest or detention with a vehicle. At a hearing on the petitions and the new offense, Williams pleaded true to the State's allegations and guilty to the new offense, but he did not have an agreement with the State as to punishment. After considering the evidence and arguments presented by both sides, the trial court adjudicated Williams guilty in the two 2008 offenses, convicted him of the new offense, and sentenced him as detailed above.

In his first point, Williams argues that the trial court abused its discretion by denying his motion for continuance. A motion for continuance that is neither in writing nor sworn preserves nothing for review. *See* Tex. Code Crim. Proc. Ann arts. 29.03, 29.08 (West 2006); *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. 1999), *cert. denied*, 529 U.S. 1131 (2000). None of the clerk's records contain a

motion for continuance. Because Williams's motion for continuance was neither in writing nor sworn, he has not preserved his first point for appellate review.[2]

Williams's second point raises a complaint regarding the events surrounding his plea negotiations with the State. In exchange for guilty and true pleas, the State offered Williams seven years' confinement for each of the revocation cases and two years' confinement for the evading-arrest offense. Williams agreed that when he was asked in open court whether he wanted to accept the plea offer, he said, "I just want to go home, I don't want to accept that offer." According to the trial court, Williams also said that he wanted a new attorney. Both the State and the trial court (and apparently Williams's own attorney) construed Williams's statements as a rejection of the State's seven-year plea offer. Consequently, after Williams was then taken to the holdover cell, his attorney told him that the State had withdrawn the seven-year offer. Williams then requested a five-year plea bargain, which the State rejected.

On appeal, and as best we can tell, Williams contends that the statements that he made when he was asked whether he wanted to accept the State's seven-year plea offer were mistakenly construed as a rejection of the offer and that his "*true* intent was to keep the 7-year offer under advisement while he was continuing to contemplate it." [Emphasis added.] He seems to suggest that the

---

[2]Williams analogizes this case to *Anderson v. State*, 268 S.W.3d 130 (Tex. App.—Corpus Christi 2008), *rev'd*, 301 S.W.3d 276 (2009), but as the citation indicates, it was reversed.

five-year offer that he made should not have been treated as a counteroffer because of the misunderstanding involving his statements about the seven-year offer. In light of the purported misinterpretation, Williams argues that he "was not afforded the opportunity to actually accept or reject" the State's seven-year plea offer and that he "was deprived the benefit of the bargain and offer."[3] He asks that the case be remanded so that he can "give a final answer regarding the plea offer."

Contractual principles apply to plea bargains. *Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016); *but see Ex parte Adkins*, 767 S.W.2d 809, 810 (Tex. Crim. App. 1989) (explaining that plea bargains "should not be strictly enforced to the detriment of due process"). We recently reiterated that an objective standard applies to the parties' respective contract-formation conduct:

> It is well established that in determining whether parties reached a meeting of the minds, objective manifestations of intent to be bound are relevant but unexpressed subjective intentions are not. Indeed, contract-formation cases commonly recite that the determination of a meeting of the minds, and thus offer and acceptance, is based on the objective standard of what the parties said and did and not on their subjective state of mind.

*Conglomerate Gas II, L.P. v. Gibb*, No. 02-14-00119-CV, 2015 WL 6081919, at *7 (Tex. App.—Fort Worth Oct. 15, 2015, pet. denied) (mem. op. on reh'g) (citations omitted).

---

[3]Williams does not argue that he accepted the State's seven-year plea offer.

The remarks that Williams made when he was asked whether he wanted to accept the State's seven-year plea offer objectively demonstrated a rejection of the offer. Indeed, the trial court made this very observation when it told Williams, "You said, I want to switch lawyers, I want to do something else. You said no. Maybe that's not *in your mind* a rejection, in hindsight, but under the law I don't think the DA was being unreasonable thinking you didn't want the deal." [Emphasis added] Williams's argument does nothing more than impart a subjective spin upon a set of events that must be objectively viewed. *See id.* Williams does not argue that he was denied due process. We overrule his second point and affirm the trial court's judgments.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DAUPHINOT, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016

5